Filed 5/25/21  P. v. Stratis CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER STRATIS,<br><br>    Defendant and Appellant. | B300213<br><br>(Los Angeles County<br>Super. Ct. No. KA083187) |

APPEAL from an order of the Superior Court of Los Angeles County, Mike Camacho, Judge.  Reversed and remanded with directions.

Leslie Conrad, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael Johnsen, Supervising

Deputy Attorney General, and David E. Madeo, Deputy Attorney General, for Plaintiff and Respondent.

Defendant and appellant Christopher Stratis (defendant) appeals from a trial court order denying his Penal Code section 1170.95[1] petition for resentencing, which came without holding a hearing following issuance of an order to show cause. Defendant also seeks a remand for a retroactive juvenile court transfer hearing because he was 17 years old at the time of the felony murder for which he is now in prison. Consistent with the parties' agreement and the pertinent provisions of the Public Safety and Rehabilitation Act of 2016 (Proposition 57) as interpreted by our Supreme Court, we shall remand the matter for purposes of holding the requested transfer hearing. We shall also decide whether the trial court—relying on an opinion this court issued after *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) but before *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*)—correctly concluded defendant is not entitled to section 1170.95 relief as a matter of law.

## I. BACKGROUND

In 2010, defendant and four co-defendants were charged with murdering Michelle Hong. The killing occurred during the course of a planned home invasion robbery. One of the other co-defendants was the person who shot and killed Hong, but defendant was present on the scene at the time of the shooting. In connection with the murder charge, the information against defendant and the others alleged a special circumstance: that the killing occurred while defendant and the others were engaged in committing a burglary. (§ 190.2, subd. (a)(17)(G).)

---

[1] Undesignated statutory references that follow are to the Penal Code.

3

Trial proceeded in late 2010, and defendant's jury was instructed on felony murder principles of liability. A malice murder instruction was not given, and the felony murder theory of liability was the only one argued to the jury. The jury was also instructed on what it must determine to find the special circumstance allegation true as to defendant, including the requirement to find defendant either intended to kill the victim or was a major participant in the crime who acted with reckless indifference to human life.

The jury found defendant guilty of murder and found the alleged burglary-murder special circumstance true.[2] The trial court sentenced defendant to life in prison without the possibility of parole.

In an opinion issued in 2013, this court affirmed defendant's conviction but reversed his life without parole sentence in light of then-recent United States Supreme Court authority restricting life without parole sentences for juveniles. Our Supreme Court subsequently granted a petition for review of that opinion and, in August 2015, transferred the matter back to this court for reconsideration in light of *Banks*, *supra*, 61 Cal.4th 788, which had been decided in the interim.

On remand from the Supreme Court, this court issued a new opinion holding the burglary-murder special circumstance was supported by sufficient evidence (but remanding for resentencing in light of authority holding that sentencing of a 17-year-old juvenile found guilty of special circumstance murder

---

[2] The verdict did not reveal the theory on which the jury found the special circumstance proven, but the People have conceded there was no evidence at trial that defendant intended to kill the victim.

must proceed with no presumption in favor of a life without parole sentence).  (*People v. Stratis, et al.* (May 5, 2016, B229255) [nonpub. opn.] (*Stratis II*).)  Recognizing a life without parole sentence for someone who did not intend to kill "is constitutionally permissible only if that person was a 'major participant' in the crime who acted with 'reckless indifference to human life'" as those elements were discussed in *Banks*, this court concluded both criteria were satisfied.  (*Ibid*.)  As to defendant's participation in the crime, this court reasoned it was "far greater than that of a mere getaway driver" and included planning the home invasion robbery, knowingly teaming up with a co-defendant (the shooter) who went by the moniker "Vicious," taking "a leadership role by directing the group away from the first target" home to rob, and being present at the scene of the shooting.  (*Ibid*.)  As to defendant's attitude toward human life, this court's analysis was not as detailed, but we held the requisite reckless indifference was shown by some of the same facts (including the association with "Vicious" and the visible firearm in his hand before entry into the home) and by the lack of any attempt to ensure no one was home before the men entered.[3] (*Ibid*.)

Nearly three years after our opinion in *Stratis II*, and following enactment of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437), which revised the statutory requirements to be found guilty of felony murder, defendant filed a section 1170.95 petition for resentencing.  Highlighting the decision in *Clark* that

---

[3]  Our Supreme Court's opinion in *Clark*, *supra*, 63 Cal.4th 522, was not issued until June 2016—roughly a month after this court's opinion on remand.

came only after *Stratis II*, the petition filed by counsel for defendant argued there was insufficient evidence defendant demonstrated reckless indifference to human life when participating in the "burglary-murder" and thus, in his view, he was "squarely within the category of inmates the legislature envisioned when they passed SB 1437."

The People opposed defendant's section 1170.95 petition. As relevant for our purposes, the People noted "the jury found that [defendant] was a major participant in the crime[ ] and he demonstrated a reckless indifference to human life." The People argued these findings "conclusively established" he was ineligible for resentencing.

Without issuing an order to show cause as contemplated by section 1170.95, the trial court held a hearing and entertained extensive argument from counsel for both sides on whether defendant was eligible for section 1170.95 relief. More than once during the hearing, the court emphasized it was limiting itself to the evidence before it "without even the opportunity to hear additional evidence," remarking at one point that "we can't change the facts."

In an oral ruling at the conclusion of argument, the court concluded defendant was not entitled to relief and denied the petition. Explaining its reasons, the court emphasized it was "placing a lot of weight" on this court's discussion of the *Banks* considerations in *Stratis II* and summarized that discussion at length on the record. Then, proceeding to the resentencing this court ordered in *Stratis II*, the trial court exercised its discretion to reduce defendant's sentence from life without the possibility of parole to 25 years to life in prison.

## II.  DISCUSSION

Defendant appeals from the criminal judgment, including the trial court's denial of his section 1170.95 petition.  We shall reverse and remand for two reasons.  First, as we have already mentioned, the parties agree defendant is entitled to a conditional reversal of his murder conviction so the juvenile court can hold a retroactive transfer hearing to decide whether defendant was appropriately prosecuted in a court of criminal jurisdiction.  Second, our opinion in *Stratis II* did not predetermine the question of whether defendant could be entitled to relief and the trial court erred by foreclosing the defense from seeking to introduce new evidence at an eligibility hearing following issuance of an order to show cause.

> A.   *Proposition 57's Amendments to the Welfare and Institutions Code Apply Retroactively to Defendant and Require Conditional Reversal of the Criminal Judgment*

Proposition 57 amended Welfare and Institutions Code section 707, the statute that governs when a juvenile can be tried in a court of criminal jurisdiction rather than in juvenile court.  The proposition's amendments eliminated the presumption that minors accused of certain serious crimes were unfit for juvenile court proceedings and must be tried in a court of criminal jurisdiction.  Proposition 57 also eliminated the requirement that minors charged with serious offenses must satisfy "each and every" one of five "fitness" criteria[4] before being found fit to be

---

[4]   The five criteria are: (1) the degree of criminal sophistication exhibited by the minor, (2) whether the minor can be rehabilitated prior to the expiration of the juvenile court's

7

dealt with in juvenile court. These changes make it easier for a juvenile to be found fit for juvenile court proceedings and such a determination often carries with it quite significant sentencing benefits. (*People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 306 ["While a person convicted of serious crimes in adult court can be punished by a long prison sentence, juveniles are generally treated quite differently, with rehabilitation as the goal"] (*Lara*).)

Our Supreme Court's decision in *Lara* holds the changes worked by Proposition 57 apply to all juveniles whose judgment was not final at the time the proposition was enacted. (*Lara, supra*, 4 Cal.5th at 304.) It is undisputed defendant's conviction was not final at that time, and we shall therefore conditionally reverse the judgment and remand—as the parties agree—so the juvenile court can hold the required transfer hearing under now-prevailing law.

### B.     The Trial Court's Denial of Defendant's Section 1170.95 Petition Was Procedurally Defective

Because we are conditionally reversing the judgment, it is not strictly necessary for us to decide whether the trial court erred in denying defendant's section 1170.95 petition; we could defer deciding that issue until after the juvenile court's retroactive transfer hearing determination, if not moot. Both

---

jurisdiction, (3) the minor's previous delinquent history, (4) the success of previous attempts by the juvenile court to rehabilitate the minor, and (5) the circumstances and gravity of the offense(s) the minor was alleged to have committed. (Welf. & Inst. Code, § 707, subd. (a)(3).)

8

parties brief the merits of the issue, however, and we exercise our discretion to address it in potential service of judicial economy.[5]

Defendant's trial jury was instructed on principles of felony murder, and on the elements of a burglary-murder special circumstance alleged against defendant, before our Supreme Court decided *Banks*, *supra*, 61 Cal.4th 788 and *Clark*, *supra*, 63 Cal.4th 522. That is enough to establish defendant "has made a prima facie showing that [he] falls within the provisions of [section 1170.95]." (§ 1170.95, subd. (c).) Defendant was represented by counsel in the trial court, and the court considered the People's response to defendant's section 1170.95 petition and defendant's reply thereto. The trial court also held a hearing to entertain argument by the parties on the petition, but that hearing did not come after the court first issued an order to show cause—which must issue when a court finds a defendant "makes a prima facie showing that he or she is entitled to relief . . . ." (*Ibid.*) That is problematic for two reasons.

First, section 1170.95 permits a defendant, at a hearing that follows issuance of an order to show cause, to offer new or additional evidence beyond the record of conviction. (§ 1170.95, subd. (d)(3) ["At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing . . . . The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens"].) The

---

[5]     Our decision to address the issue should not be read to express any view on how the juvenile court should resolve the Proposition 57 transfer hearing issue on remand.

Attorney General asserts defendant had that opportunity to offer new evidence during the proceedings below, but that is belied by the record.  The trial court repeatedly stated it would not entertain new evidence beyond the record of conviction.  That limitation alone undermines the trial court's denial of defendant's section 1170.95 petition because his entitlement to relief turns on an evidentiary assessment of whether he was a major participant who acted with reckless indifference to life and such an assessment can be made only if counsel has an opportunity to proffer evidence, beyond the existing record of conviction, that might alter an assessment of his participation in the victim's killing.  (See *People v. Smith* (2020) 49 Cal.App.5th 85, 96, review granted Jul. 22, 2020, S262835 ["[W]e cannot say at this stage of the proceedings that failure to appoint counsel was harmless 'given the trial evidence'; by the express terms of section 1170.95, subdivision (d)(3), counsel is not limited to the trial evidence"].)  Had the trial court issued an order to show cause or otherwise invited the parties to submit new or additional evidence, that may have cured the problem.  (See, e.g., *People v. Murillo* (2020) 54 Cal.App.5th 160, 173, review granted Nov. 18, 2020, S264978 ["If as a matter of law the record of conviction shows . . . that the defendant was a major participant who acted with reckless indifference to human life, *and the defendant does not claim he has new evidence to present*, he has not made a prima facie case"], italics added.)  But, again, the opposite is what happened: the trial court told the parties that its ruling was "limited to the record that [it] ha[d] before [it] without even the opportunity to hear additional evidence."

Second, the trial court's conclusion that defendant could not establish an entitlement to section 1170.95 relief relied heavily

(we might even say exclusively) on our conclusion in *Stratis II* that there was substantial evidence satisfying the *Banks* threshold for a special circumstance true finding.  *Banks*, however, is only one of two necessary ingredients.  *Stratis II* did not consider the evidence of reckless indifference to human life through the prism of the later decided *Clark* opinion, and while there is substantial overlap between *Banks* and *Clark*, the overlap is not perfect.

*Clark* significantly elaborates on the considerations relevant to assessing whether a defendant acted with reckless indifference to human life.  (*Clark, supra,* 63 Cal.4th at 618-623 [enumerating relevant factors, including the defendant's knowledge of weapons and their use and number, the defendant's proximity to the crime and opportunity to stop the killing or aid the victim, and the duration of the offense conduct].)  Indeed, our Supreme Court in *Clark* decided what that case itself describes as an issue of first impression: whether a defendant's efforts to minimize risks of violence in the commission of a felony are relevant to a reckless indifference analysis.  (*Id.* at 622.)  The Supreme Court held such efforts are relevant though not alone determinative (*ibid*.), and that holding has some bearing on this case where there is evidence defendant may have advocated abandoning an earlier home targeted for robbery because it was clear there were people inside the home at the time.  As an issue of first impression in *Clark*, we could not have considered that factor in *Stratis II*, and it is but one example why the trial court's heavy reliance on our discussion of *Banks* without any discussion of *Clark* is insufficient to establish defendant cannot be entitled to section 1170.95 relief.

11

The trial court's denial of defendant's section 1170.95 petition is accordingly infirm. Defendant (and the People) must have an opportunity to introduce new or additional evidence and the trial court's resolution of the question of whether defendant acted with reckless indifference to human life must account for the relevant considerations identified in *Clark*.

## DISPOSITION

The judgment is conditionally reversed. The cause is remanded to the juvenile court with directions to hold a transfer hearing under Welfare and Institutions Code section 707, if the prosecution moves for such a hearing, no later than 90 days from the date the remittitur issues. If, after a transfer hearing, the juvenile court determines it would transfer defendant to a court of criminal jurisdiction under current law, the judgment of conviction shall be reinstated as of the date of that determination and the cause transferred to the trial court to issue an order to show cause pursuant to section 1170.95, subdivision (c) and to hold a hearing pursuant to section 1170.95, subdivision (d)— unless defendant and the People disclaim any intent to present new or additional evidence, in which case the trial court may redetermine the matter on the record of conviction as informed by *Clark*'s discussion of the considerations relevant to reckless indifference to human life.

If no motion for a transfer hearing is filed, or if a transfer hearing is held and the juvenile court determines it would not transfer defendant to a court of criminal jurisdiction, defendant's criminal murder conviction will be deemed to be a juvenile adjudication as of the date of the juvenile court's determination. In the event the conviction is deemed a juvenile adjudication, the

juvenile court shall then hold a disposition hearing and impose an appropriate disposition within the court's discretion.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, Acting P. J.

We concur:

MOOR, J.

KIM, J.